# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LINUS UNDIANDEYE, | ) | CASE NO. 1:19 CV 1391 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| FRANK JACKSON, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Linus Undiandeye filed this action against Cleveland Mayor Frank Jackson, former Cuyahoga County Sheriff Clifford Pinkney, Cuyahoga County Executive Armond Buddish, Cleveland Heights Police Officer Chris Skok, Cuyahoga County Jail Director Kenneth Mills, Cuyahoga County Jail Corporal Bodaker, Attorney Tyresha Brown-O'Neal, Cuyahoga County Jail Sergeant Smyte, Cuyahoga County Jail Mental Health Chief Janet Platten, Cuyahoga County Assistant Prosecutor Andrew Gatti, and Cuyahoga County Assistant Prosecutor Melissa Riley. In the Complaint (Doc. # 1), Plaintiff challenges his criminal prosecution and objects to conditions in the Cuyahoga County Jail. He seeks monetary and injunctive relief.

## I. BACKGROUND

Plaintiff is a pretrial detainee in the Cuyahoga County Jail. He asserts three types of claims. The first type concern his criminal prosecution. He claims Assistant Prosecutors Gatti

and Riley, along with his attorney Brown-O'Neal, are denying him a speedy trial. He also alleges Cleveland Heights Police Officer Skok obtained a search warrant with inaccurate information in the affidavit.

The second type of claims asserted by Plaintiff pertain to the conditions of his confinement in the jail. He states he was required to sleep on the floor with a mattress missing most of its cotton stuffing. He states he was forced in eat in his cell in close proximity to the toilet, which was not properly cleaned. He contends the jail staff are having sex with inmates and selling drugs. He claims he has been denied pain medication, mental health services and drug counseling.

The third type of claim asserted by Plaintiff concerns use of excessive force by corrections officers in the jail. Plaintiff alleges he has been assaulted many times by jail staff. He indicates Smyte jumped on his back while he was already handcuffed and lying on the ground.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

Plaintiff first challenges his pending criminal case. He claims his attorney and the prosecutors are denying him a speedy trial and a Cleveland Heights police officer obtained a search warrant with inaccurate information. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the

state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. Plaintiff contends his criminal case is still pending. State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, claims of speedy trial and defective search warrants can be asserted in the course of the state court criminal case. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Furthermore, Plaintiff cannot bring civil rights claims against the prosecutors or his own defense attorney. Prosecutors are entitled to absolute immunity from damages for initiating a

prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A public defender or a court-appointed defense counsel, while acting in that capacity, is not a state actor for purposes of 42 U.S.C. § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321 (1981).

Plaintiff next challenges the conditions of his confinement in the jail. "The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Baker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). Pretrial detainee claims, though they fall under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment, *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983), are analyzed under the same rubric as Eighth Amendment claims brought by prisoners. *See Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir.1985) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or

good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In this case, Plaintiff fails to establish the subjective element of his claims. Deliberate indifference "entails something more than mere negligence." *Farmer*, 511 U.S. at 835. An official acts with deliberate indifference when "he acts with criminal recklessness," a state of mind that requires that the official act with conscious disregard of a substantial risk of serious harm. *Id.* at 837. This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Plaintiff does not allege facts reasonably suggesting that the County Executive, the Sheriff, the Warden, the Jail Director, the Mayor of Cleveland or the Chief Mental Health Officer were personally aware of his situation, that they drew the inference that his health may have been at risk, and disregarded that risk in their actions. He cannot state a claim for relief against them for violation of his Eighth or Fourteenth Amendment rights.

Finally, Plaintiff asserts claims for use of excessive force. He contends, without explanation, that he was assaulted numerous times by Bodaker and Smyte. He alleges that on one occasion, Smyte jumped on his back while he was already handcuffed and lying on the ground. He does not indicate what precipitated this incident. Prison officials may often be required to use physical contact to insure prison security; however, they can violate the Eighth Amendment if the contact represents an "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The standard used to analyze "excessive force" claims under

the Eighth Amendment requires the Court to determine whether the officer acted in a good faith effort to maintain or restore discipline, or whether he acted maliciously and sadistically to cause harm. *Hudson*, 503 U.S. at 8-10. Here, Plaintiff does not provide any information regarding the incidents. He simply concludes that the force used was excessive. The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Absent factual allegations concerning the incidents in question, the claim never rises from a possible claim to that of a plausible claim for relief.

## IV. CONCLUSION

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

   s/*Dan Aaron Polster  October 22, 2019*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.